**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4012**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AARON HARDING DAVIDSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:12-cr-00344-TDS-2)

Submitted:  June 20, 2019                           Decided:  June 24, 2019

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Harding Davidson appeals the 24-month sentence imposed upon revocation of his supervised release term. Davidson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred by: (1) treating Davidson's most serious supervised release violation as a Grade A, rather than a Grade B, violation; (2) affording undue weight to the seriousness of that violation; and (3) imposing a plainly substantively unreasonable sentence. Davidson was advised of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. We affirm.

"We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). In conducting this analysis, we rely generally on "the same procedural and substantive considerations that guide our review of original sentences." *Padgett*, 788 F.3d at 373 (alteration and internal quotation marks omitted). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *see* 18 U.S.C. § 3583(e) (2012) (listing applicable factors). A revocation sentence is substantively reasonable if,

2

in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed. *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018). Ultimately, the court retains "broad discretion" to impose a revocation sentence "up to the statutory maximum." *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006) (internal quotation marks omitted).

In view of these standards, we discern no procedural or substantive unreasonableness, plain or otherwise, in Davidson's sentence. Although the district court initially questioned whether Davidson's new North Carolina state conviction constituted a Grade A violation, it properly sustained Davidson's objection on that basis, classified the offense as a Grade B violation, and calculated a policy statement range of 8 to 14 months' imprisonment. *See United States v. McCollum*, 885 F.3d 300, 307-09 (4th Cir. 2018); U.S. Sentencing Guidelines Manual §§ 7B1.1(a), 7B1.4(a), p.s. (2018). The court did not base its sentence "predominately on the seriousness of [Davidson's] violation," but instead permissibly referred to the seriousness of the state offense in discussing "closely related" factors appropriate for consideration under 18 U.S.C. § 3583(e). *See United States v. Webb*, 738 F.3d 638, 642 (4th Cir. 2013). In varying upward, the court emphasized that Davidson's North Carolina conviction involved the same conduct underlying his original federal sentence. It characterized that violation as a severe breach of its trust, in part given the inherently violent and dangerous nature of the robbery, and it acknowledged the need to afford deterrence and protect the public. It also concluded that Davidson's multiple supervised release violations, the nature of these violations, and his relative youth warranted further postrelease supervision. We conclude that the district

3

court did not abuse its broad discretion in determining that a sentence at the statutory maximum was warranted on these grounds.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Davidson, in writing, of the right to petition the Supreme Court of the United States for further review. If Davidson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davidson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*